UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDURRAHMAAN ABU-JEBREEL,

       Petitioner,      Case No. 4:17-cv-10555
                Honorable Linda V. Parker

v.

CARMEN PALMER,

       Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Michigan prisoner Abdurrahmaan Abu-Jebreel ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner is challenging his convictions following a bench trial in the Circuit Court for Wayne County, Michigan, for armed robbery, assault with intent to cause great bodily harm, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. The state trial court sentenced Petitioner as a second habitual offender to periods of incarceration of 16 to 40 years for the armed robbery conviction, 6 to 15 years for the assault conviction, 3 to 7½ years for the felon in possession conviction, and a consecutive 2-year term for the felony-firearm conviction.

Petitioner raises four claims in his application for habeas relief: (1) the sentencing guidelines were erroneously scored; (2) the trial court did not consider Petitioner's trial testimony when it made its findings following the bench trial; (3) the trial court failed to consider the law on "imminent threat of death"; and, (4) Petitioner was deprived of the effective assistance of trial counsel. The Court finds that Petitioner's claims are without merit. Therefore, it is denying his petition. The Court also is denying Petitioner's motion for appointment of counsel, a certificate of appealability, and leave to appeal in forma pauperis.

## I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals in its decision affirming Petitioner's sentence and convictions:

> This case arises out the shooting and robbery of complainant Evan McCarver in the home of Kennesha McKenney. McKenney did not testify at any of the proceedings below. According to McCarver's testimony, McKenney invited him to the apartment. McCarver stated that he had an occasional sexual relationship with McKenney and was unaware that defendant was allegedly living with her. Per McCarver's account, he was talking on the telephone with his brother when defendant came into the apartment. McCarver stated that he saw defendant pull a handgun and point it at his head, and McCarver walked into the bedroom and hid behind the door. He heard a clicking noise twice and thought it was a gun jamming and that he was going to be shot. McCarver was dialing 911 when defendant walked into the bedroom and demanded that McCarver give him the cell phone, and defendant shot him after the phone was handed over.

Defendant raised defenses of insanity and that he acted in self-defense or defense of others. Defendant testified that the apartment was his residence part time, there was animosity between himself and McCarver, McCarver was known to carry a firearm, and defendant acted in self-defense and out of concern of harm to McKenney and children present in the home. Defendant stated that McCarver was attacking him, but was unarmed when he was shot. Defendant testified that McCarver did not have a gun at the time of the shooting and fled to the bedroom before defendant shot him.

*People v. Abu-Jebreel*, No. 319059, 2015 WL 1396528, at *1 (Mich. Ct. App. March 26, 2015). These facts are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

Following his conviction and sentence as indicated above, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief filed by counsel raised one claim, and Petitioner added two additional claims in a supplemental pro se brief:

I.      Defendant is entitled to resentencing where offense variable 19 was erroneously scored, resulting in an improperly inflated guidelines range. Defendant's state and federal due process rights to be sentenced on accurate information were denied.

II.     As a result of the judge not remembering the judge erred in failing to properly instruct on imminent death threat instruction and/or on great bodily harm instruction thus violating defendant's due process right.

III.    Defendant asserts that he was denied effective assistance of trial counsel.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished opinion. *Abu-Jebreel,* 2015 WL 1396528, at \*3. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that it should review the questions presented. *People v. Abu-Jebreel*, 871 N.W.2d 186 (Mich. 2015) (table), *cert. denied*, 136 S. Ct. 1682 (2016).

## II.  Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the state court adjudicated the claims on the merits. Relief is barred under this section unless the state court's adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.  28 U.S.C. § 2254(d)(1).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton,* 136 S. Ct. 1149, 1152-53 (2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude ….")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 102-03 (internal citations and quotation marks omitted).

### III. Analysis

### A. Sentencing Guidelines

Petitioner first claims that the state trial court incorrectly scored the sentencing guidelines by assessing points for the offense variable dealing with "interfering with the administration of justice." Petitioner argues that points cannot be assessed under this variable for conduct occurring before criminal charges are filed. The Michigan Court of Appeals rejected the claim, finding that such conduct warranted points under this guideline variable. *Abu-Jebreel*, 2015 WL 1396528, at *2.

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *White v. Steele*, 629 F. App'x 690, 695 (6th Cir. 2015) (quoting *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)) ("Our Court has previously stated, 'principles of comity require federal courts to defer to a state's judgment on issues of state law.'") (additional citation and brackets omitted). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines therefore is not a cognizable claim for federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Claimed errors in the application of state sentencing guidelines will not independently support

Petitioner's request for habeas relief because they assert that the state courts misapplied their own laws. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

In any event, Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Therefore, even accepting Petitioner's contention that the state courts misapplied their own laws, such an error nevertheless would not provide a basis for granting federal habeas relief because such a state-law error does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

## B. Trial Court's Findings of Fact

In his second claim, Petitioner asserts that the trial judge, when reciting his findings of fact and conclusions of law at the end of Petitioner's bench trial, failed to mention or discuss parts of Petitioner's testimony indicating that he felt he was in imminent threat of harm, and thus that he acted in lawful self-defense. Petitioner's third claim essentially makes the same allegation, asserting that the trial court failed to consider the law on "imminent threat" when he made his factual findings.

First, the trial court judge's failure to make specific factual findings with respect to all of the evidence presented at trial did not violate Petitioner's due

process rights because there is no clearly established Supreme Court law requiring a trial court to make specific findings for each element of the crime to satisfy constitutional concerns. *See Wofford v. Straub*, 27 F. App'x. 517, 520 (6th Cir. 2001).

The cognizable aspect of Petitioner's second claim is the argument that insufficient evidence was presented at trial to show that he did not act in self-defense. In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The reviewing court may not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "[E]ven were [the court] to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original); *see* 28 U.S.C. § 2254(d)(2).

Here, after reciting the applicable constitutional standard, the Michigan Court of Appeals found sufficient evidence presented to prove beyond a reasonable doubt that Petitioner did not act in self-defense:

In this case, the facts expressly relied on by the trial court establish that the prosecution proved beyond a reasonable doubt that defendant was not acting in self-defense when he shot McCarver. Contrary to defendant's argument that McCarver was the aggressor, the evidence showed that: (1) upon defendant's initial entry into the apartment, McCarver moved to a window to avoid confrontation; (2) following a break in hostilities McCarver fled to the bedroom and defendant followed him to that location; and (3) McCarver was unarmed at the time of the shooting. Thus, there was evidence offered that defendant was the aggressor. Defendant merely asserts that he believed McCarver could have been armed based on his past possession of a firearm. Prior animosity between defendant and McCarver are not dispositive nor are vague references to the McCarver's brother coming over to assault defendant. This was not imminent threat, as the trial court noted. Defendant was never placed at risk of death or serious injury in this case based on any testimony, nor did defendant have a reasonable belief he was at risk when he was relying principally on past altercations to support his contention. Further, the evidence established that defendant fled the scene after the shooting. Defendant also had changed his story, having previously stated that the gun went off accidentally. Based on these findings, the trial court did not err in concluding that defendant had not acted in self-defense and that his use of force was unreasonable.

*Abu-Jebreel*, 2015 WL 1396528, at *3. As the state appellate court aptly summarized, the evidence presented at Petitioner's trial indicated that the victim was not the aggressor, and that Petitioner had no reasonable belief he was in imminent danger.

The only evidence indicating that Petitioner acted in self-defense was his own testimony. In reviewing the sufficiency of the evidence, however, "the Supreme Court has given little weight to a defendant's innocent explanation of the evidence." *United States v. Nevils*, 598 F.3d 1158, 1164 n.2 (9th Cir. 2010).

Moreover, "it is well settled that when a defendant 'offers an innocent explanation for the incriminating facts proved by the government, the jury is free to disbelieve it.'" *United States v. Hughes*, 505 F.3d 578, 594 (6th Cir. 2007) (brackets omitted) (quoting *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003)). Petitioner's second and third claims therefore are without merit.

## C. Ineffective Assistance of Counsel

In his fourth claim, Petitioner asserts that he was denied the effective assistance of counsel at trial. Petitioner argues that his counsel failed to call his wife, Kennesha McKenney, as a defense witness. Petitioner notes that McKenney was the only eyewitness to the crime who did not testify at trial. In her affidavit, which Petitioner filed with the Michigan Court of Appeals, McKenney states that the victim came over to her apartment uninvited, threatened her, and when Petitioner returned, Petitioner only pulled the gun after the victim refused to leave. (ECF No. 8-15 at Pg ID 625.) McKenney further states that Petitioner's gun discharged when the victim moved towards Petitioner. (*Id*.) She also claims that her contradictory statement to police was false, and it was the product of intimidation made by the victim's family and friends, many of whom were gang members. (*Id*.) Petitioner asserts that, at minimum, he was entitled to an evidentiary hearing on this claim.

After reciting the constitutional standard, the Michigan Court of Appeals rejected the claim as follows:

> Defendant contends that the affidavit by McKenney, as set forth in the dissenting opinion, requires a reversal or remand. However, defendant himself admits that "trial counsel interviewed [McKenney] before trial and could not determine with certainty what testimony [she] would put forth." From the affidavit, it can be deduced that McKenney had made an incriminating statement about defendant to the police. Under the circumstances, trial counsel acted well within the bounds of reasonableness in declining to call McKenney as a witness. Even if McKenney had changed her story and testified favorably for defendant at trial, she would have been subject to impeachment by the prior incriminating statement. We will not second guess trial counsel on the decision to keep her off the witness stand. *People v. Rockey*, 237 Mich. App. 74, 76-77 (1999). Reversal or remand is not warranted.

*Abu-Jebreel*, 2015 WL 1396528, at *4.

Ineffective assistance claims are reviewed under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense such that the defendant was denied a fair trial. *Id*. at 687. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In habeas review, the question becomes "not whether counsel's actions were reasonable," but "whether there is any reasonable argument

that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

First, the state court's failure to hold an evidentiary hearing with respect to Petitioner's ineffective assistance of counsel claim is a matter of state law, which is not cognizable on federal habeas review. *See Litteral v. Palmer*, No. 08-cv-11172, 2010 WL 2633595 at *14 (E.D. Mich. 2010) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) ("*Ginther* does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective assistance of counsel, and the denial of a *Ginther* hearing is a matter of state law not cognizable on federal habeas corpus review."). Petitioner's claim that the state courts improperly refused his request for a *Ginther* hearing is not cognizable.

Next, the state court's determination that Petitioner failed to demonstrate that his counsel was ineffective for failing to call McKenney as a defense witness did not involve an unreasonable application of the *Strickland* standard. Even under *de novo* review, defense counsel's decision whether to call witnesses is a strategic one entitled to deference. *Strickland*, 466 U.S. at 689. Moreover, the Supreme Court emphasized in *Harrington* the double deference a federal habeas court owes to state-court determinations that counsel acted reasonably. 562 U.S. at 89-90.

Here, as noted by the state appellate court, a reasonable interpretation of McKenney's affidavit is that she made an inculpatory statement to police. Had she

testified favorably to Petitioner, she would have been subject to cross-examination with her statement. Moreover, Petitioner himself asserted in his pro se brief filed in the Michigan Court of Appeals that defense counsel was unable to determine how McKenney would testify at trial after speaking with her. (*See* ECF No. 8-15 at Pg ID 618.) Under these circumstances—and granting the double-deference *Harrington* instructs federal habeas courts to afford a state court's *Strickland* analysis—Petitioner fails to demonstrate entitlement to habeas relief for his claim of ineffective assistance of counsel.

### III. Conclusion

For the reasons set forth above, the Court holds that Petitioner's claims in support of his request for habeas relief are without merit. The Court, therefore, is denying his request for habeas relief. Because the Court finds that Petitioner's claims lack merit, it also is denying his motion for the appointment of counsel (ECF No. 10.) In order to appeal this decision, Petitioner must obtain a certificate of appealability.

A prisoner must make a substantial showing of the denial of a constitutional right to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To make this showing, the applicant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court is required to grant or deny a certificate of appealability when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner's habeas claims lack merit. Therefore, the Court is denying him a certificate of appealability. The Court also is denying Petitioner leave to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to appeal in forma pauperis.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager